**NATIONAL UNION FIRE INSURANCE CO., Appellant,**

v.

**Manuel P. SAN NICOLAS, Appellee.**

**No. 17040.**

United States Court of Appeals Ninth Circuit.

May 15, 1961.

Thomas M. Jenkins, San Francisco, Cal., V. Judson Klein, Washington, D. C., and Schofield, Hanson, Bridgett, Marcus & Jenkins, San Francisco, Cal., and E. R. Crain, Agana, Guam, for appellant.

Spiegel, Turner, Barrett & Ferenz, Lyle H. Turner and W. Scott Barrett, San Francisco, Cal., and Agana, Guam, for appellee.

Before HAMLIN, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

Appellee having suffered judgment for personal injuries brought this suit in Guam against appellant as his insurer to recover the amount of such judgment pursuant to his contract of insurance. Appellant defended upon the ground that at the time of the accident the policy of insurance had been cancelled for failure of appellee to pay the specified premium. Following trial before the court without a jury, appellant's defense was rejected and judgment was entered in favor of the appellee. This appeal followed.[1]

We find ourselves in the frustrating position of being wholly unable to come to grips with this case. The district court apparently believed that appellant had failed to accomplish a cancellation of the policy. We cannot, however, ascertain from the record the reason why. The findings of fact suggest that it was for the reason that premiums paid, when prorated, provided a paid-up status beyond the date of purported cancellation and that there was no tender back by appellant of unearned premiums. The court drew no conclusion from these facts and Jensen v. Traders & General Ins. Co., 1959, 52 Cal.2d 786, 345 P.2d 1, would indicate that they are without legal significance. The conclusions of law, which do not appear to have any relation to the findings, suggest that the court simply regarded the notice of cancellation as too uncertain and ambiguous to be effective. The nature of the defect is not specified and does not to us appear as a matter of law from the face of the notice. If factual circumstances rendered it ambiguous or confusing, there are no findings as to such circumstances. The reporter's transcript is demonstrably lacking in accuracy in certain respects and contributes no enlightenment.

A further source of difficulty lies in the procedure by which this trial was made to apply to this appellant. Counsel on both sides had trouble in deciding which of two insurance companies (both represented by the same counsel) was the proper party defendant. Appellant was originally named and then was dismissed. Trial followed. After trial, on stipulation of appellant's counsel, appellant was substituted in again just in

---

1. This case arising in Guam, district court jurisdiction is conferred by 48 U.S.C.A. § 1424. Appellate jurisdiction of this court is conferred by 28 U.S.C. §§ 1291 and 1294.

time to suffer judgment. There was, however, no express stipulation that evidence taken in appellant's absence should stand against appellant.

While appellant bears its share of responsibility for the confusion, we nevertheless are of the view that if the path of justice is to be ascertained through orderly process, a new trial must be had.

Reversed and remanded for new trial.